[L. A. No. 834.   Department One. — July 24, 1901.]

## THE GERMAIN FRUIT COMPANY, Respondent, v. CAL-IFORNIA SOUTHERN RAILROAD COMPANY, Appellant.

Common Carrier — Railroad — Delivery beyond Terminus. — A railroad company, as a common carrier, may contract to carry freight beyond the terminus of its own line of road, thereby making connecting lines its agents for that purpose; and if it agreed to make delivery to a named consignee, at a place beyond its terminus, a delivery to another person is a breach of its contract.

Id. — Construction of Contract. — The contract of carriage in this case was as follows: "California Southern Railroad Co. Bill of Lading. Los Angeles, Cala., May 6th, 1887. Received from Germain Fruit Co., the following described packages, in apparent good order, . . . consigned as marked and numbered in the margin, to be transported over the line of this road to the company's freight station as designated below, and delivered in like good order to the consignee, . . . at said station, or to such company or carriers (if the same are destined to a point beyond said station) whose line may be considered a part of the route, to the place of destination of said goods or packages, it being distinctly understood that the responsibility of this company as a common carrier shall cease at the station where delivered to such person or carrier; the company being liable as warehousemen only; but it guarantees, upon the conditions expressed herein, . . . that the rate of freight for the transportation of said packages from the place of shipment to Chicago shall not exceed $1.15 per cwt. and charges advanced by this company." Held, that the contract was one of carriage from Los Angeles to Chicago, and that the connecting lines beyond the defendant's terminus were its agents for that purpose.

APPEAL from a judgment of the Superior Court of Los Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Appellant.

The contract evidenced by the bill of lading was a contract on the part of the railroad company to transport the oranges from Los Angeles, over its own line, to a point where it connected with the next carrier, forming part of the line to Chicago, and to there deliver to such carrier the oranges in question.

(Civ. Code, sec. 2201; *Myrick* v. *Michigan Central R. R. Co.*, 107 U. S. 102; *Mich. Cent. R. R. Co.* v. *Min. etc. Mfg. Co.*, 16 Wall. 318; *Ogdensburg etc. R. R. Co.* v. *Pratt,* 22 Wall. 123; *St. Louis etc. Co.* v. *St. Louis etc. R. R. Co.*, 104 U. S. 146; *Central Trust Co.* v. *Wabash etc. Ry. Co.*, 31 Fed. Rep. 247; *Taylor* v. *Maine Central R. R. Co.*, 87 Me. 299; ·*McConnell* v. *Norfolk etc. R. R. Co.*, 86 Va. 248; *McEacheran* v. *Michigan Central R. R. Co.*, 101 Mich. 264; *Berg* v. *Atchison etc. R. R. Co.*, 30 Kan. 562; *Atchison etc. R. R. Co.* v. *Richardson,* 53 Kan. 157; *Central R. etc. Co.* v. *Bridger,* 94 Ga. 471; *Fremont etc. Co.* v. *Waters,* 50 Neb. 592; *Hope* v. *Delaware etc. Canal Co.*, 111 Mich. 209; *Converse* v. *Norwich etc. Co.*, 33 Conn. 178; *Ortt* v. *Minneapolis etc. Ry. Co.*, 36 Minn. 396; *Hadd* v. *United States etc. Express Co.*, 52 Vt. 335; *Gass* v. *New York etc. R. R. Co.*, 99 Mass. 220;[1] *Schneider* v. *Evans,* 25 Wis. 241;[2] *Palmer* v. *Atchison etc. R. R. Co.*, 101 Cal. 187; *Kerrigan* v. *Southern Pacific R. R. Co.*, 81 Cal. 248; *Cavallaro* v. *Texas etc. Ry. Co.*, 110 Cal. 348.[3])

J. S. Chapman, for Respondent.

The defendant contracted to deliver the freight in Chicago. (*Colfax Fruit Co.* v. *Southern Pacific Co.*, 118 Cal. 648; *Pereira* v. *Central Pacific R. R. Co.*, 66 Cal. 92; *Erie Ry. Co.* v. *Wilcox,* 84 Ill. 239;[4] *Little* v. *Semple,* 8 Mo. 99;[5] *Cavallaro* v. *Texas etc. Ry. Co.*, 110 Cal. 348, 355;[3] *Central R. R. Co.* v. *Combs,* 70 Ga. 533;[6] *Cutts* v. *Brainerd,* 42 Vt. 566;[7] *Toledo etc. Ry. Co.* v. *Merriman,* 52 Ill. 123;[8] *Wahl* v. *Holt,* 26 Wis. 703.)

GAROUTTE, J.—This action is brought against defendant, a common carrier, to recover, as damages, the value of three hundred boxes of oranges, consigned by plaintiff at Los Angeles to itself at Chicago. Upon the arrival of this fruit at Chicago, a mistake in the delivery thereof was made, and negligence in this regard is charged against defendant. The case is here upon an agreed statement of facts, and the construction of the contract entered into between the parties is the real question before the court.

The aforesaid contract is evidenced by a writing, and the material part thereof is as follows:—

[1] 96 Am. Dec. 742.
[2] 3 Am. Rep. 56.
[3] 52 Am. St. Rep. 94.
[4] 25 Am. Rep. 452.

[5] 40 Am. Dec. 123.
[6] 48 Am. Rep. 582.
[7] 1 Am. Rep. 353.
[8] 4 Am. Rep. 590.

"CALIFORNIA SOUTHERN RAILROAD CO.

"*Bill of Lading.*"

"LOS ANGELES, CALA., May 6th, 1887.

"Received from Germain Fruit Co., the following described packages, in apparent good order, . . . consigned as marked and numbered in the margin, to be transported over the line of this road to the company's freight station as designated below, and delivered in like good order to the consignee or owner, or to the order of said consignee or owner, at said station, or to such company or carriers (if the same are destined to a point beyond said station), whose line may be considered a part of the route, to the place of destination of said goods or packages, it being distinctly understood that the responsibility of this company as a common carrier shall cease at the station where delivered to such person or carrier, the company being liable as warehousemen only; but it guarantees, upon the conditions expressed herein, . . . that the rate of freight for the transportation of said packages from the place of shipment to Chicago shall not exceed $1.15 per cwt. and charges advanced by this company."

The important question presented in the construction of the foregoing writing is, Did the defendant agree to transport this fruit to Chicago? It is contended upon the part of defendant that it only agreed to transport it to Barstow, the terminus of its road. It needs but a glance at the entire writing to justify the conclusion that it is somewhat vague and indefinite. And, as pointed out by this court in the case of *Colfax Mountain Fruit Co.* v. *Southern Pacific Co.*, 118 Cal. 649, the indefiniteness and ambiguities in this character of contract arise largely from the fact that railroad companies use the same form of shipping contract for the transportation of freight upon their own lines alone, as they do for the transportation of freight upon their own lines in conjunction with connecting lines. Litigation of the character here involved would be to a great degree avoided if different forms of shipping contracts were used for these different classes of transportation. It will also be borne in mind that in the consideration of the question before the court, it is a material element that this form of contract was prepared by defendant.

A railroad company, as a common carrier, may contract to

carry freight beyond the terminus of its own line of road, thereby making connecting lines its agents for that purpose. (*Colfax Mountain Fruit Co. v. Southern Pacific Co.*, 118 Cal. 649.) And we have concluded that such was the character of the contract made in this case. As already suggested, by reason of a single printed form being used in all of its contracts for the carriage of freight, apparent inconsistencies show themselves in the context of this instrument; yet that it was the intention of both parties that defendant should transport this fruit to Chicago is made plain. It is recited in the agreed statement of facts, "that the California Southern Railroad Company, the California Central Railway Company, and the Atlantic and Pacific Railroad Company, are all parts of a general system of the Atchison, Topeka, and Santa Fé Railroad Company," and it was upon the respective lines of this general system that this fruit was transported to Chicago. The fruit was consigned to plaintiff at Chicago; freight was paid upon it to Chicago; it was carried to Chicago without change of cars, and the defendant agreed to transport the fruit "over the line of this road to the company's freight station as designated below." Upon examination of this contract "below," we find the following: "But it guarantees . . . that the rate of freight for the transportation of said packages from the place of shipment to Chicago shall not exceed," etc. Thus it appears that Chicago is the station designated. It is not only the station designated "*below*," but it is the only station designated in any portion of the instrument. If the word "Chicago" had been used in the body of the writing in lieu of the words "designated below," then there would be no question whatever as to the proper construction to be given the language. Yet, if these words, "designated below," mean anything, they must be held to refer to the word "Chicago." If this be not so, then there was no express contract to carry the fruit to any designated place or station; for no other place or station is suggested. Barstow, a station claimed by appellant to be the terminal point of its road, is not mentioned anywhere in the instrument.

Appellant attaches importance to the clause in the agreement limiting its liability as a common carrier to its own line of road. It is only necessary to say that if appellant agreed to deliver this fruit to a named consignee in Chicago, and de-

livered it to some one else there, then a breach of its contract was committed, and a clear legal liability established. The court is satisfied that the complaint is sufficiently broad to justify a recovery upon that theory.

For the foregoing reasons it is ordered that the judgment and order appealed from be affirmed.

Van Dyke, J., and Harrison, J., concurred.